# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-944V
Filed: May 10, 2021
UNPUBLISHED

| | |
|---|---|
| TRACEY HARRIS, parent of C.H., a minor,<br><br>             Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>             Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs Decision; Expert Costs |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Christine M. Becer*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 30, 2021, petitioner moved for an award of interim attorneys' fees and costs in the amount of $83,301.47.[2] (ECF. No 57.) In response, respondent deferred to the special master regarding both the amount and appropriateness of an award of interim attorneys' fees and costs. (ECF No. 59.) However, respondent did note that he "is satisfied the statutory and other legal requirements for an award of attorneys' fees and costs are met." (*Id.* at 2.) For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $78,351.07.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] The motion incorrectly states that the total amount requested is $83,101.47 due to the billing error discussed in footnote 5, below.

1

I.      **Procedural History**

On June 29, 2018, petitioner filed this claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012) on behalf of her minor child, C.H. Petitioner alleged that C.H. suffered Guillain Barre Syndrome ("GBS") as a result of C.H.'s July 8, 2015 Tetanus-Diphtheria-acellular-Pertussis ("Tdap") and meningococcal vaccinations. (ECF No. 1.) Petitioner later amended her petition on September 27, 2018 to specifically allege that C.H. suffered from "Miller Fisher syndrome, a variant of [GBS]." (ECF No. 16.)

This case was originally assigned to Special Master Sanders. (ECF No. 4.) On March 25, 2019, respondent filed his Rule 4(c) report, recommending against compensation. (ECF No. 22.)

Petitioner next filed an expert report from Dr. Yuval Shafrir to support her claim and respondent filed responsive reports from Drs. Leslie Benson and Craig D. Platt. (ECF Nos. 29, 41.) This case was reassigned to my docket on August 29, 2019. (ECF No. 36.) Petitioner then filed a supplemental expert report from Dr. Omid Akbari and respondent filed a supplemental report from Dr. Platt. (ECF Nos. 47, 55.)

Petitioner filed the instant motion for interim attorneys' fees and costs on March 30, 2021, respondent filed his response on April 13, 2021, and petitioner did not file a reply. (ECF Nos. 57, 59.) Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

II.     **An Award of Interim Attorneys' Fees and Costs is Appropriate**

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In his response, respondent indicated that the statutory requirements were met in this case. (ECF No. 59, p. 2.) I agree.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id*. In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id*. In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a

good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

Here, petitioner's request for interim attorneys' fees and costs is made after almost three years of litigation within the entitlement phase of this case and after petitioner incurred costs for providing multiple expert reports to support her claim. This case is still in the entitlement phase, and thus, the timing of the ultimate resolution of this case remains unknown. Accordingly, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable.

### III. Reasonableness of the Requested Award

#### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id*. at 1347-48. First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id*. at 1348. In this case, petitioner is seeking $33,718.40 in interim attorneys' fees for work performed in 2018 through 2021.

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation omitted). The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3] I have reviewed the billing records submitted with petitioner's request, and in my experience, the hourly rates billed for 2018 through 2021 for attorney time, paralegal

---

[3] Each of the Fee Schedules for 2015 through 2021 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, 2019, 2020, and 2021 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

time, and law clerk time, are all reasonable and in accord with prior awards made by other special masters.

Turning to the number of hours billed, special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Upon review of the billing records submitted by petitioner's counsel, I find that there was duplicative and excessive billing due to attorneys, paralegals, and law clerks billing for reviewing the same orders and attending the same case meetings.[4] Moreover, many of these duplicative reviews are billed at 0.10 or 0.20 hours, indicating that such reviews are less likely to have been substantive and less likely to have required multiple reviewers. This firm has seen fee reductions in prior cases due to the inefficiency of overstaffing attorneys on a single case. *See Lord v. Sec'y of Health & Human Servs.*, No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); *Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); *Tomlinson v. Sec'y of Health & Human Servs.*, No. 13-736V, 2015 WL 7068558 (Fed. Cl. Spec. Mstr. Oct. 23, 2015). Accordingly, I find that a 5% reduction in total requested attorneys' fees is appropriate. This result in a reduction of **$1,685.92** of the interim fee award and a total award of **$32,032.48** in interim attorneys' fees.

### b. Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). In this case, petitioner seeks $49,558.37[5] in interim attorneys' costs. (ECF No. 57, p. 2.) The majority of the

---

[4] For example, on April 25, 2019, attorney Meredith Daniels billed 0.70 hours for drafting a letter to Dr. Shafrir and a status report while attorney P. Kelly billed 0.30 hours for reviewing Ms. Daniels's drafts. (ECF No. 57, p. 12.) Similar duplicative billings related to review of Ms. Daniels's drafts occurred on May 28, 2019, July 26, 2019, October 21, 2019, October 31, 2019, and February 2, 2021. (*Id.* at 12-16, 21.)

[5] Petitioner's counsel represented costs for Dr. Akbari as $35,000, whereas Dr. Akbari's invoice reflected $35,200 for 64 hours of work billed at $550.00 an hour. (*Compare* ECF No. 57, p. 22 *with* ECF No. 57, p.

expenses incurred were expert costs billed by Dr. Akbari ($35,200.00) and Dr. Shafrir ($12,425.00).

An expert retained by the petitioner in the Vaccine Program will only be compensated at a reasonable hourly rate, and the petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Ceballos v. Sec'y of Health & Human Servs.*, No. 99–97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004). Additionally, such request should be supported by contemporaneous and detailed invoices. *Caves v. Sec'y of Health & Human Servs.*, 111 Fed. Cl. 774, 781-83 (2013); *Morse v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 683 (2009).

Petitioner's first expert, Dr. Shafrir, has requested an hourly rate of $350 per hour for a total of 35.5 hours. The rate and hours requested by Dr. Shafrir are consistent with what has previously been found to be reasonable by other special masters in cases where Dr. Shafrir provided expert reports. *See Austin v. Sec'y of Health & Human Servs.*, No. 05-579V, 2019 WL 4126538 at *5 (Fed. Cl. Spec. Mstr. July 31, 2019); *Walters v. Sec'y of Health & Human Servs.*, No. 15-1380V, 2019 WL 7560054 at *5 (Fed. Cl. Spec. Mstr. July 29, 2019); *Oliver v. Sec'y of Health & Human Servs.*, No. 10-394V, 2019 WL 2246727 at *4 (Fed. Cl. Spec. Mstr. Apr. 16, 2019); *Cunningham v. Sec'y of Health & Human Servs.*, No. 13-483V, 2017 WL 4323145, at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2017); *Whitney v. Sec'y of Health & Human Servs.*, No. 10-809V, 2016 WL 4491499, at *6 (Fed. Cl. Spec. Mstr. July 27, 2016). Based on prior decisions in the Program, the content of Dr. Shafrir's expert report, and the work documented by Dr. Shafrir's invoice, I find that his hourly rate and hours billed are reasonable and result in an award of interim expert cost of **$12,425.00**.

Petitioner's second expert, Dr. Akbari, has requested an hourly rate of $550 per hour. However, other Special Masters have repeatedly found that $500 is a more appropriate rate given Dr. Akbari's credentials and rates awarded for Dr. Akbari's work in the past. *See, e.g.*, *Pek v. Sec'y of Health & Human Servs.*, No. 16-0736V, 2020 WL 6437774 (Fed. Cl. Spec. Mstr. Sept. 16, 2020); *Sheppard v. Sec'y of Health & Human Servs.*, No. 17-819V, 2020 WL 1027958, at *3 (Fed. Cl. Spec. Mstr. Feb. 20, 2020); *Shinksy v. Sec'y of Health & Human Servs.*, No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9, 2019); *Hernandez v. Sec'y of Health & Human Servs.*, No. 16-1508V, 2018 WL 4391060, at *2 (Fed. Cl. Spec. Mstr. Aug. 20, 2018). Upon my review, I agree that $500 per hour, comparable to what has previously been awarded for Dr. Akbari's work, represents a reasonable hourly rate for Dr. Akbari's work in this case. Accordingly, Dr. Akbari's hourly rate is reduced to $500.00 per hour.[6]

---

46.) Adjusting for this, petitioner's requested total costs should have been $49,558.37, before reductions rather than $49,358.37 as stated in petitioner's motion.

[6] Petitioner did cite a single case, *Wolf v. Secretary of Health and Human Services*, for the proposition that Dr. Akbari's work as previously be compensated at a rate of $550 per hour. 2019 WL 7954346 (Fed. Cl. Spec. Mstr. Jan. 21, 2019). However, that decision did not actually address Dr. Akbari's hourly rate or even separately disclose the total amount awarded in reimbursement for Dr. Akbari's work. Moreover, petitioner otherwise cites to cases awarding costs relative to Dr. Akbari's work at a rate of $500 per hour. (ECF No. 57, n. 1.)

Dr. Akbari has billed petitioner for a total of 64 hours. I find this to be reasonable considering the length and depth of Dr. Akbari's report, as well as the specificity of Dr. Akbari's invoice. In the past, another special master reduced costs awarded for Dr. Akbari's services based in part on the fact that Dr. Akbari failed to provide detailed explanations documenting the work he performed. *See Riley v. Sec'y of Health & Human Servs.*, No. 16-262V, 2020 WL 1026929, at *3 (Fed. Cl. Spec. Mstr. Feb. 6, 2020). Dr. Akbari's hours have also been reduced for when his report provided limited utility in supporting petitioner's claim. *See Pek,* 2020 WL 64377741, at *4. In that case, Dr. Akbari had billed over 86 hours, which was reduced by half. *Id*.

Here, Dr. Akbari provided petitioner with a detailed invoice documenting the work he performed for each billing entry. Dr. Akbari reviewed over 5,000 pages of medical records, responded to several different expert reports, and cited 53 different references, ultimately producing a 19-page report. (*See* Ex. 65.) Given the size of the record in this case and the significant analysis provided in support of petitioner's claim, I find that it was reasonable for Dr. Akbari to bill for 64 hours of work in this case. For example, his time spent reviewing petitioner's medical records was comparable to the time spent by petitioner's other expert, Dr. Shafrir. Based on the above, recalculating Dr. Akbari's invoice at an hourly rate of $500 per hour for 64 hours of work results in a total award of **$32,000.00**.

Additionally, petitioner seeks $1,933.37 in interim attorneys' costs for miscellaneous office costs including sending and requesting medical records, travel, lodging, and meals. All of these expenses are documented aside from three entries for postage, photocopies, and flash drives totaling $64.48. Based on the lack of documentation for those three entries, I reduce the total amount, accordingly, resulting in a total award of **$1,868.89** in miscellaneous attorneys' costs.

Finally, petitioner requests $24.70 in postage costs incurred directly by petitioner while sending documents to her counsel. Petitioner has submitted documentation of this expense, and I find that petitioner's request is reasonable, resulting in a total award of **$24.70** to petitioner.

### IV. Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED.** Petitioner is awarded, $78,351.07 representing $32,032.48 in interim attorneys' fees and $46,293.89 in interim attorneys' costs for petitioners' counsel as well as $24.70 in interim costs to petitioner.

**Accordingly, I award a total of $78,351.07 as follows:**

- **A lump sum of $78,326.37 in the form of a check payable to petitioner and her counsel, Ronald Craig Homer, Esq.; and**

6

- **A lump sum of $24.70 in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.