# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-944V
Filed: June 28, 2024

| | |
|---|---|
| CAMERON HARRIS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner |

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Traci R. Patton,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 29, 2018, Tracey Harris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") on behalf of her son, Cameron Harris. The petition alleged that Mr. Harris suffered Guillain Barré Syndrome ("GBS") as a result of his July 8, 2015, tetanus-diphtheria-acellular-pertussis ("Tdap") and meningococcal vaccinations. (ECF No. 1.) Mr. Harris was later substituted as petitioner on January 23, 2023, after he reached the age of majority. (ECF No. 79.) On August 23, 2023, the parties filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF Nos. 90-91.)

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On November 10, 2023, petitioner filed a final motion for attorneys' fees and costs.[3] (ECF No. 95.) ("Fees App."). Petitioner requests attorneys' fees in the amount of $27,473.80 and attorneys' costs in the amount of $9,806.57. Fees App. at 2. Pursuant to General Order No. 9, petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. *Id.* Thus, the total amount requested is $37,280.37. On October 17, 2023, respondent filed a response to petitioner's motion. (ECF No. 96.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

---

[3] Petitioner was awarded $78,326.37 for interim attorneys' fees and costs on May 10, 2021.

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following rates of compensation for his attorneys: for Mr. Ronald Homer, $447.00 per hour for work performed in 2021, $475.00 per hour for work performed in 2022, and $500.00 per hour for work performed in 2023; for Ms. Meredith Daniels, $350.00 per hour for work performed in 2021, $410.00 per hour for work performed on 2022, and $455.00 per hour for work performed in 2023; for Ms. Lauren Faga, $331.00 per hour for work performed in 2021, $385.00 per hour for work performed on 2022, and $425.00 per hour for work performed in 2023; for Mr. Joseph Pepper, $355.00 per hour for work performed in 2021, $415.00 per hour for work performed on 2022, and $455.00 per hour for work performed in 2023; for Ms. Christina Ciampolillo, $425.00 per hour for work performed in 2022; for Mr. Nathaniel Enos, $320.00 per hour for work performed in 2023; and for Mr. Patrick Kelly, $305.00 per hour for work performed in 2023. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Upon review of the billing records submitted by petitioner's counsel, I find that there was duplicative and excessive billing due to attorneys, paralegals, and law clerks billing for reviewing the same orders and attending the same case meetings.[4] Moreover, many of these duplicative reviews are billed at 0.10 hours, indicating that such reviews are less likely to have been substantive and less likely to have required multiple reviewers. This firm has seen fee reductions in prior cases due to the inefficiency of overstaffing attorneys on a single case, including the interim attorneys' fees and costs decision issued in this matter. *See Harris v. Sec'y of Health & Human Servs.*, No. 18-944V, 2021 WL 2285295 (Fed. Cl. Spec. Mstr. May 10, 2021); *see also, Lord v. Sec'y of Health & Human Servs.*, No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); *Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); *Tomlinson v. Sec'y of Health & Human Servs.*, No. 13-736V, 2015 WL 7068558 (Fed. Cl. Spec. Mstr. Oct. 23, 2015). Accordingly, I find that a 5% reduction in total requested attorneys' fees is appropriate. This result in a reduction of **$1,373.69**. Petitioner is therefore awarded final attorneys' fees of $26,100.11.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $9,806.57 in attorneys' costs comprised of postage and expert services in 2021 performed by Omid Akbari, Ph.D., at $500.00 per hour for 17.5 hours totaling $9,700.00. Fees App. Ex. B. These costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows: **a lump sum in the amount of $35,906.68, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Conway Homer, PC.**

---

[4] For example, on June 3, 2021, attorney Meredith Daniels billed 0.30 hours for drafting a status report while attorney Lauren Faga billed 0.10 hours for reviewing Ms. Daniels's draft. Fees App. Ex. A at 5. Similar duplicative billings related to review of Ms. Daniels's drafts occurred on October 28, 2021, February 2, 2022, February 9, 2022, May 3, 2022, January 23, 2023, March 17, 2023, May 4, 2023, June 5, 2023, and September 25, 2023. (*Id.* at 5, 7-14.)

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).